Filed 4/18/16  P. v. Rice CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN RICE,<br><br>    Defendant and Appellant. | 2d Crim. No. B266899<br>(Super. Ct. No. 2009038873)<br>(Ventura County) |

John Rice appeals from a judgment after an order revoking his postrelease community supervision (PRCS).  (Pen. Code, § 3450 et seq.)[1]  He contends the revocation process violated his right to due process because:  he was not provided with counsel at his probable cause hearing before the supervising agency; was not brought before the court for arraignment within 10 days of arrest; did not have a probable cause hearing before the court within 15 days of arrest; and a probation officer asked him to waive his rights before the revocation petition was filed.  We affirm.

FACTUAL BACKGROUND

In 2012, Rice was convicted after a plea of guilty to false personation. (§ 529.)  The trial court suspended imposition of sentence and granted formal probation.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

Rice violated the terms of his probation. The trial court revoked probation and sentenced him to a prison term.

Rice was released in 2012 under PRCS following realignment. The Ventura County Probation Department is his supervising agency. As a condition of release, he agreed to maintain contact with the probation department and obey all laws, among other things. Rice also agreed the probation department could, without a court hearing, order "flash incarceration" in a county jail for up to 10 days if he violated the conditions of his release. (§ 3453, subd. (q).)

Following a release from jail in March 2015, Rice did not report to the probation department. On July 7, a police officer detained Rice on an outstanding warrant and found a methamphetamine pipe with burnt residue in his pocket. He was arrested for a new charge (Health & Saf. Code, § 11364, subd. (a)) and for violating the terms of his PRCS.

Two days after his arrest, Rice appeared with counsel for arraignment. The court ordered that he be released from jail upon completion of his flash incarceration period. On the same day, Senior Deputy Probation Officer Venessa Meza met with Rice. Meza advised Rice in writing that he had the right to written notice of the alleged violations, the right to an administrative hearing within two days, and the right at that hearing to speak on his own behalf and present letters and documents. Simultaneously, Meza conducted an administrative probable cause hearing, at which Meza concluded there was probable cause to believe that Rice violated the terms of release by failing to report to the probation department and failing to obey all laws. Rice acknowledged receipt of a "PROS Hold" form that identified the alleged violations. It gave notice of a court hearing set for 16 days after Rice's arrest. Meza advised Rice of his right to a formal revocation hearing at which he would have the right to be represented by an attorney, the right to call and confront witnesses, and the right to testify or remain silent. The advisement was memorialized in a "Postrelease Community Supervision Waivers of Rights and Admission Form." Rice acknowledged receipt of the form and refused to waive his rights.

2

Seven days after Rice's arrest, the probation department filed a revocation petition. Consistent with the PROS Hold form, the hearing was set for 16 days after his arrest.

Thirteen days after his arrest, Rice moved to dismiss the petition for violation of due process. He argued he was entitled to arraignment before a court within 10 days of arrest and a probable cause hearing before a court within 15 days of arrest. Counsel do not mention the July 9 arraignment in their arguments to the trial court or to this court.

Rice appeared in court with counsel 16 days after his arrest for the hearing on the motion to dismiss. The trial court denied the motion. It conducted an evidentiary hearing on the revocation petition 41 days after his arrest. At the revocation hearing, Rice was represented by counsel and admitted the allegations. The trial court found Rice in violation and ordered him to serve a 180-day jail sentence.

DISCUSSION

The trial court properly denied Rice's motion to dismiss because Rice had access to the court and counsel within 10 days of his arrest.

*Statutory Framework*

The Legislature created PRCS in 2011 as part of its realignment of the criminal justice system. (§ 3450 et seq. [Postrelease Community Supervision Act of 2011]; Stats. 2011, ch. 15, § 479.) PRCS shifts responsibility for postrelease supervision of certain felons from the state Department of Corrections and Rehabilitation to county agencies, such as the Ventura County Probation Department. (*Ibid.*)

The conditions of release under PRCS include waiver of the right to any court hearing before imposition of a flash incarceration in jail for up to 10 days. (§ 3453, subd. (q).) A person under PRCS is subject to arrest without a warrant at the direction of the supervising agency whenever a peace officer has probable cause to believe the person has violated the conditions of release. (§ 3453, subd. (s).) The peace officer may "arrest the person and bring him or her before the supervising county agency." (§ 3455, subd. (b)(1).) The supervising agency may hold the supervised person in custody for up to 10

3

days without bringing him or her before a court. (§ 3454, subd. (b) [the supervising agency may "order appropriate responses to alleged violations," including "intermediate sanctions," such as flash incarceration for up to 10 days].)

If the supervising agency determines that intermediate sanctions are not appropriate, it "shall petition the court pursuant to [s]ection 1203.2 to revoke, modify, or terminate" PRCS. (§ 3455, subd. (a).) The supervised person is statutorily entitled to: notice of the petition for revocation upon the "first court appearance in the proceeding"; an opportunity to agree to modification or termination and to waive his or her appearance; and the right to consult with counsel "[p]rior to the modification or termination and waiver of appearance." (§ 1203.2, subd. (b)(2).) Section 1203.2's revocation procedures apply uniformly to revocation of any supervised release, including "probation . . .[,] postrelease community supervision . . .[,] or . . . parole." (*Id.*, subd. (a); see Stats. 2012, ch. 43, § 2, subd. (a).) The declared purpose of amending the PRCS and parole revocation statutes was to "simultaneously incorporate the procedural due process protections held to apply to probation revocation procedures under *Morrissey v. Brewer* (1972) 408 U.S. 471, and *People v. Vickers* (1972) 8 Cal.3d 451, and their progeny." (Stats. 2012, ch. 43, § 2, subd. (b).)

*Due Process*

Revocation of supervised release deprives a person of a conditional liberty interest, and may only be had with due process protections. (*Morrissey v. Brewer* (1972) 408 U.S. 471, 482 (*Morrissey*) [parole revocation]; *People v. Vickers* (1972) 8 Cal.3d 451, 458 (*Vickers*) [probation revocation].) To conform to due process, revocation of conditional release requires a two-step process: (1) an initial determination of probable cause to justify temporary detention; and (2) a formal revocation hearing to determine whether the facts warrant revocation. (*Morrissey*, at p. 485; *Vickers*, at p. 456.)

(1) Probable Cause Determination

The probable cause determination is a "minimal inquiry," made near the place of arrest "as promptly as convenient after arrest." (*Morrissey*, *supra*, 408 U.S. at p. 485.) It need not be made by a judicial officer; it may be made by any qualified person

4

"not directly involved in the case." (*Id*. at pp. 485-486 [probable cause determination for parole revocation may be made by a parole officer other than the officer who reports the violation or recommends revocation]; *Vickers*, *supra*, 8 Cal.3d at pp. 456-457.)

Officer Meza conducted a *Morrissey*-compliant administrative probable cause hearing two days after arrest when she gave Rice written notice of the claimed violations and an opportunity to be heard. Rice "declined to make any statements." Meza summarized the hearing and set forth her probable cause determination on an "Administrative Probable Cause Hearing" form. Meza was sufficiently "neutral and detached" to make the determination because she was not "directly involved in the case." (*Morrissey*, *supra*, 408 U.S. at pp. 485-486.) Another probation officer prepared the report in support of revocation, and a police officer made the arrest.

Rice was not entitled to a judicial probable cause hearing within 15 days. The "independent officer need not be a judicial officer," and the probable cause hearing need only be "promptly as convenient after arrest." (*Morrissey*, *supra*, 408 U.S. at pp. 485-486.) *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 required a judicial probable cause hearing within 15 days for parole revocation, but it was based on pre-petition safeguards that are unique to parole. (*Id.* at pp. 657-658, 662; §§ 3000.08, 3044.) Section 3000.08, subdivision (c) provides that an officer with probable cause to believe "a parolee" is violating a condition of release may arrest the person and "bring him or her before the court." In contrast, section 3455, subdivision (b)(1) provides that an officer with probable cause to believe a person subject to PRCS is violating a condition of release may arrest the person and "bring him or her before the supervising county agency." Section 3044, subdivision (a)(1) and (2) provides that the "parolee shall be entitled to a probable cause hearing no later than 15 days following his or her arrest for violation of parole," and a formal revocation hearing no later than 45 days after arrest. There are no corresponding time requirements for persons arrested for violation of PRCS. In any case, the record shows that Rice was brought before the court, with counsel, two days after his arrest.

5

(2)     Formal Revocation Hearing

The formal revocation hearing is the "final evaluation of any contested relevant facts" to determine whether revocation is warranted, and it must be held "within a reasonable time" after arrest. (*Morrissey*, *supra*, 408 U.S. at p. 488.) The minimum safeguards at a formal parole revocation hearing are: "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." (*Id.* at pp. 488-489.) Due process requires equivalent safeguards in probation revocation proceedings. (*Vickers*, *supra*, 8 Cal.3d at pp. 461-462.)

Here, the formal revocation proceeding complied with *Morrissey* and *Vickers*, because it was conducted within a reasonable time of arrest and included all the required safeguards, including assistance of counsel. The court heard the revocation petition 41 days after arrest, "within a reasonable time." (§ 3455, subd. (c); *Morrissey*, *supra*, 408 U.S. at p. 488 [a two month interval between arrest and a formal parole revocation hearing was not unreasonable].)

*Right to Counsel*

Rice was not entitled to counsel at the informal probable cause hearing because it was a summary proceeding conducted outside of court proceedings during the flash period. *Vickers* addressed the right to counsel at court proceedings and is distinguishable on that basis. Here, Rice was represented by counsel at his court proceedings, commencing a mere two days after his arrest.

*The Request for a Waiver of Rights*

Rice contends that a waiver of his rights to a revocation hearing or counsel is invalid, because Meza asked for his waiver before the petition to revoke was filed. But Rice did not waive any rights, so we need not address this argument.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

Bruce A. Young, Judge

Superior Court County of Ventura

_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and Connie H. Kan, Deputy Attorney General, for Plaintiff and Respondent.